ALMEDA E. FITZGERALD, as Administratrix of the Estate of VANCE
H. FITZGERALD, Deceased, Appellant, *v.* STATE OF NEW YORK,
Respondent. (Claim No. 27896.)

Third Department, November 18, 1954.

*Jack Goodman, James H. Hyer* and *Franklin P. Gavin* for
appellant.

*Nathaniel L. Goldstein, Attorney-General (John R. Davison*
and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.* Claimant was injured on Route 385 within the
village of Athens when his automobile struck an object and
tipped over. On the trial of the claim against the State of New
York there was some proof that the object, a log or railroad tie,
extended from the shoulder three or four inches onto the pave-
ment; and claimant's contention on the trial was that this was

the location of the object. The court found, however, that the tie was embedded in the shoulder of the road, extending across a ditch, its top even with the upper surface of the shoulder. It had been used to bridge the way over the ditch for a wheelbarrow from the adjacent field to the road.

As the shoulder sloped down to the ditch the tie extended out above the shoulder over the ditch. A wheel passing over the top of the shoulder would thus pass over the tie without interference; but a wheel moving on the slope of the shoulder would strike the tie.

The finding of the Court of Claims on the physical location of the tie is not challenged by claimant on appeal but the main question is whether the location of the tie where thus found must necessarily be regarded as negligence.

Claimant's proof is that due to the crowding of his car by another vehicle he was forced to the edge of the pavement and onto the shoulder where he struck the tie. The State, of course, must recognize the occurrence of emergencies on its roads but its duty to anticipate a particular result of an emergency does not rise higher than the level of reasonable foresight.

There may well be circumstances when an object extending from the edge of a shoulder could be found to be negligence; and there are times when the duty of the State to make provision for safety extends beyond the pavement or even beyond the shoulder, as in the case of guardrailings. But the duty of the State to make its roads safe is met by the exercise of due care against danger reasonably to be expected.

We are unwilling to say as a matter of law that the State was required to anticipate at the risk of liability the use of the edge of the shoulder by the claimant at the point of the accident and, in the corollary review of the facts and for similar reasons, we think the decision of the Court of Claims that the State was not negligent is consistent with the evidence. The finding that the claimant had not established his own freedom from negligence is a closer issue but we do not feel justified in holding that the decision reviewed is either erroneous or against the weight of the evidence in this respect, and the finding is affirmed.

The judgment should be affirmed, without costs.

BERGAN, J. P., COON, HALPERN, IMRIE and ZELLER, JJ., concur.

Judgment affirmed, without costs.